UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SANDEEP DUA,**

        **Plaintiff,**

v.                                        Case No: 6:24-cv-0911-PGB-EJK

**GLOBAL GROWTH HOLDINGS, INC., f/k/a ACADEMY ASSOCIATION, INC., a Florida corporation, BECKETT COLLECTIBLES, INC., a foreign corporation, SOUTHERN HOBBY DISTRIBUTION, LLC, a foreign limited liability company, and BKX HOLDINGS, LLC, a foreign limited liability company,**

        **Defendants.**
_____/

## ORDER

This cause comes before the Court on jurisdictional review.

### I.   BACKGROUND

On May 15, 2024, Plaintiff Sandeep Dua ("**Plaintiff**") filed the Complaint against Defendants Global Growth Holdings, Inc., f/k/a Academy Association, Inc.; Beckett Collectibles, Inc.; Southern Hobby Distribution, LLC; and BKX Holdings, LLC. (Doc. 1 (the "**Complaint**")). The Complaint alleges that the Court has subject matter jurisdiction over the case because it "seeks damages in excess of $75,000.00, exclusive of interest, fees and costs, and is between citizens of

different states." (*Id.* ¶ 2). With regard to the parties' citizenship, it further alleges that: (1) "SANDEEP DUA, is a natural person and resident of New Delhi, India"; (2) "GLOBAL GROWTH HOLDINGS, INC., f/k/a ACADEMY ASOCIATION, INC., is a Florida profit corporation with its principal place of business in Orlando, Florida"; (3) "BECKETT COLLECTIBLES, INC., is a foreign corporation with its principal place of business in Plano, Texas"; (4) "SOUTHERN HOBBY DISTRIBUTION, LLC, is a foreign limited company with its principal place of business in Nashville, Tennessee"; and (5) "BKX HOLDINGS, LLC, is a foreign limited liability company with its principal place of business in Plano, Texas." (*Id.* ¶¶ 3–7).

## II.   STANDARD OF REVIEW

Federal courts exercise limited jurisdiction and must "zealously insure [sic] that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Thus, to achieve "complete

diversity," no plaintiff may be a citizen of the same state as any of the defendants. *Id.*

For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it was incorporated and of the state where its principal place of business is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Additionally, a limited liability company ("**LLC**") is a citizen of every state in which one of its members is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). As such, to sufficiently allege an LLC's citizenship, a party must list *the citizenship of all the members of that entity. See, e.g.*, *id.*

### III. DISCUSSION

Simply put, the Complaint fails to establish complete diversity. Both Defendants Southern Hobby Distribution, LLC and BKX Holdings, LLC are "foreign limited liability compan[ies]." (Doc. 1 ¶¶ 6–7). However, the Complaint fails to *affirmatively* allege the state of citizenship of each of the members of the aforementioned limited liability companies. Alternatively, if no member is a citizen of a domestic state, the Complaint fails to state that all members are citizens of countries other than the United States. Repleader is necessary to cure these deficiencies.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUGED** that:

1. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **May 30, 2024**, Plaintiff may file an amended complaint in compliance with this Order and all applicable rules and law. Failure to timely comply with this Order will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on May 23, 2024.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties